UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL STANLEY,

       Plaintiff,                      CIVIL ACTION NO. 07-12451

       v.                                DISTRICT JUDGE ARTHUR J. TARNOW

COMMISSIONER OF              MAGISTRATE JUDGE VIRGINIA M. MORGAN
SOCIAL SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I. Introduction**

This Social Security case comes before the court on plaintiff's *pro se* motion for summary judgment[1] and the Commissioner's motion for summary judgment. For the reasons stated below, the court recommends that the Commissioner's motion be granted, that plaintiff's motion be denied, and that this case be dismissed with prejudice.

**II. Background**

On March 24, 1998, plaintiff filed an application for Supplemental Security Income (SSI) and, subsequently, he was found to be disabled, with April 1998 as the first month of benefits.

---

[1] On January 10, 2007, plaintiff filed a two-page document stating that the ALJ's decision was wrong (D/E #14). While the docket sheet for this case labels that document as a "Response," this court is construing it as a motion for summary judgment given its timing and subject matter.

-1-

(Tr. 10) However, the Social Security Administration (SSA) later reduced plaintiff's benefit amount to reflect income in the form of a pension from the Ford Motor Company. (Tr. 10) Plaintiff requested reconsideration of the decision to reduce the amount of his monthly benefit. (Tr. 26-27) On March 4, 2004, the SSA upheld the reduction. (Tr. 28-30) Plaintiff then requested a hearing before an administrative law judge (ALJ). (Tr. 31-32) A hearing was held on March 24, 2005, before ALJ Melvyn B. Kalt. (Tr. 38-48) Plaintiff appeared and testified at the hearing. Specifically, plaintiff argued that he did not make enough money to live on and reducing his benefits because of the pension was unfair. (Tr. 42)

On June 23, 2005, the ALJ issued a decision denying plaintiff's request. (Tr. 7-12) The ALJ found that the "most recent[2] reduction of benefits due to receipt of a pension from Ford Motor Company was correct." (Tr. 12)

On June 27, 2005, plaintiff filed a request for review of the ALJ's decision with the SSA's Appeals Council. (Tr. 5) The Council denied the request on May 17, 2007. (Tr. 2-4) The ALJ's decision thus became the final determination of the Commissioner.

On June 7, 2007, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). As noted above, the matter comes before the court on plaintiff's motion for summary judgment and the Commissioner's motion for summary judgment. Plaintiff contends that the ALJ's decision was "B.S." The Commissioner contends

---

[2]The ALJ's decision refers to a previous reduction of benefits due to receipt the pension from the Ford Motor Company (Tr. 11), but it is not clear from the record when that occurred.

-2-

that the disability determination is supported by substantial evidence and should thus be affirmed.

### III. Standard of Review

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). The Sixth Circuit stated in Brainard, 889 F.3d at 681, that "[s]ubstantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." "[The] decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key, 109 F.3d at 273.

### IV. Analysis

For SSI benefits, the amount of the monthly payment will be computed by reducing the general benefit rate by the amount of countable income. 20 C.F.R. § 416.420. "Generally, the

more income you have, the less your benefit will be." 20 C.F.R. § 416.1100. Included in the countable income used to reduce the amount of the monthly payment are:

> Annuities, pensions, and other periodic payments. This unearned income is usually related to prior work or service. It includes, for example, private pensions, social security benefits, disability benefits, veterans benefits, worker's compensation, railroad retirement annuities and unemployment insurance benefits. [20 C.F.R. § 416.1121(a).]

In this case, it is undisputed that plaintiff receives SSI benefits and a monthly pension from Ford Motor Company. (Tr. 41) Consequently, the amount of plaintiff's monthly SSI benefit must be reduced by the amount he receives as a pension. 20 C.F.R. § 416.420; 20 C.F.R. § 416.1100; 20 C.F.R. § 416.1121(a). Plaintiff argues that, given the little money he has to live on, reducing his monthly benefits would be unfair. However, plaintiff offers no legal support for that argument and, given the plain language of the regulations, it is without merit. Therefore, the ALJ's findings were supported by substantial evidence and the ALJ applied the proper legal standards.

## V. Conclusion

For the reasons stated above, the court recommends that the Commissioner's motion for summary judgment be **GRANTED**, that plaintiff's motion for summary judgment be **DENIED**, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific

objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                     s/Virginia M. Morgan
                                     Virginia M. Morgan
                                     United States Magistrate Judge
Dated: April 25, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on April 25, 2008.

                                     s/Jane Johnson
                                     Case Manager to
                                     Magistrate Judge Virginia M. Morgan